J-S20008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LASTER | : | |
| | : | |
| Appellant | : | No. 2898 EDA 2022 |

Appeal from the Order Entered October 24, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0607521-1995

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 20, 2023**

Appellant *pro se* appeals from the October 24, 2022 order that dismissed as untimely his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because Appellant fails to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

The following procedural and factual history, gleaned from the certified record, is relevant to this appeal.  In the late 1980's, Appellant was a member of a drug gang, the Junior Black Mafia, which distributed significant portions of crack cocaine.  In July of 1989, the Junior Black Mafia was engaged in a violent feud with a rival Philadelphia drug gang.  On July 11, 1989, the Junior Black Mafia held a meeting at its headquarters to distribute guns and discuss

_____

[*] Retired Senior Judge assigned to the Superior Court.

retaliation for a recent shooting directed by the rival gang. Later that day, Appellant fired a semi-automatic weapon at a group of people standing on the corner of 24th and Moore Streets from the back of his motorcycle. One victim was struck by gunfire and fell to the ground. Appellant stood over the wounded victim and fired several more shots into the victim's body, killing him. Appellant then fled the scene via motorcycle.

On December 20, 1995, a jury convicted Appellant of Third-Degree Murder and Conspiracy to Commit Murder. Appellant's co-defendant, Joseph Cobb, Jr. ("Cobb"), was found not guilty. On May 23, 1996, the court sentenced Appellant to an aggregate sentence of ten to twenty years' incarceration, to be served consecutively to Appellant's federal sentence.[1]

On January 20, 1998, this Court affirmed his judgment of sentence. *Commonwealth v. Laster*, 711 A.2d 1040 (Pa. Super. 1998). Appellant did not seek review from the Pennsylvania Supreme Court.

From 2000 to 2017, Appellant filed five separate PCRA petitions, none of which garnered relief.[2] During the litigation of each petition, Appellant provided the PCRA court with affidavits from numerous witnesses who allegedly could exonerate him. Relevant to the instant appeal, Appellant

---

[1] On March 11, 1993, the federal district court sentenced Appellant to 292 months of imprisonment for Conspiracy in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848.

[2] The initial petition failed to garner relief on the merits. The second petition resulted in *nunc pro tunc* reinstatement of Appellant's PCRA appellate rights, and his PCRA appeal was subsequently dismissed for procedural defects. Appellant's third, fourth, and fifth petitions were dismissed as untimely.

submitted with his first and third PCRA petitions a July 1999 affidavit from his former co-defendant Cobb in which Cobb asserted that he knew "for a fact" that Appellant did not kill the victim because at the time of the murder he was with Appellant at a friend's house that was located twenty minutes from where the shooting occurred. Cobb Affidavit, 7/12/99, at ¶¶ 11-12. Cobb further explained that his attorney had advised him not to take the stand during trial but if he had taken the stand, he could have testified that Appellant was not at the scene of the crime. *Id.* at ¶ 11.

In an October 22, 2001 affidavit that Appellant submitted with his third petition, William Perdue claimed that he was present when the shooting occurred and that Appellant was not there. He stated that Appellant "did not ride with me to 24th and Moore Streets on July 11, 1989, or was he involved in the shootout which occurred on that date." Perdue Affidavit, 10/22/01, at ¶ 4.

On September 8, 2022, Appellant filed the instant *pro se* PCRA petition, his sixth. Appellant attached a new affidavit from Cobb, in which Cobb asserts that he was present "on the scene of the crime" and that "for the past 33+ [*sic*] years, I knew that [Appellant] was not on the scene when [Victim] was shot and killed on July 11, 1989, but I didn't know how to come forward with this information[.]" Cobb Affidavit, 8/5/22. In his petition, Appellant averred that he first learned of this information on August 5, 2022. *See* PCRA Pet., dated 9/2/22, at ¶¶ 15-16.

On September 9, 2022, the PCRA court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 and Appellant filed a timely Response. On October 24, 2022, the PCRA court issued an Order and Opinion concluding that Appellant had failed to plead and prove an exception to the PCRA time-bar. The court, thus, dismissed Appellant's petition as untimely.

Appellant appealed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the court relied on its October 24, 2022 Order and Opinion. In his *pro se* brief, Appellant raises one issue for our review: "Whether Appellant is entitled to a remand to the PCRA court for an evidentiary hearing as the findings of the PCRA court are [fraught] with error and have deviated from the legal standard?" Appellant's Br. at 3 (some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017)

In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. §

9545(b)(1). Appellant's petition, filed more than two decades after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

Here, Appellant attempts to invoke the newly discovered facts exception provided in Section 9545(b)(1)(ii). To satisfy this exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***." **Id.** at 1272 (internal quotation marks omitted, emphasis in original), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa. Super. 2019). A petitioner must

explain why he could not have learned the new facts earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

Notably, a petitioner does not satisfy the Section 9545(b)(1)(ii) time-bar exception where he merely alleges a newly discovered or newly willing source for previously known facts. ***Commonwealth v. Marshall***, 947 A.2d 714, 721–22 (Pa. 2008). Our Supreme Court has explained, "[t]he fact [an] appellant discovered yet another conduit for the same [ ] claim does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii)." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008).

Here, the PCRA court concluded that Appellant failed to plead and prove an exception to the PCRA time-bar. The court opined:

> The August 5, 2022 [Cobbs] affidavit does not qualify as a newly discovered fact. [Cobbs] first provided an affidavit in the instant case on July 12, 1999, over twenty-three years ago. [Appellant] sought relief on the basis of that affidavit in his September 21, 2000 and October 21, 2003 PCRA petitions. In his July 12, 1999 affidavit, [Cobbs] attempted to provide [Appellant] with an alibi by claiming that [Appellant] was with him at a friend's house at the time of the murder, which completely contradicts the August 5, 2022 affidavit where he now claims he was at the scene of the murder and [Appellant] was not. [Appellant] cannot satisfy the PCRA timeliness requirement merely by having a witness sign an affidavit over twenty-six years after [Appellant]'s conviction claiming he "didn't know how to come forward with this information" when he had already "come forward" twenty-three years ago. The petition is untimely and fails to meet an exception to the PCRA timeliness requirement.

PCRA Ct. Op., filed 10/24/22, at 5. We agree.

Appellant's newly discovered fact claim fails for several reasons. First, Appellant failed to plead and prove the due diligence prong of the newly discovered fact exception. Specifically, Appellant fails to explain how he could not obtain the "new" information included in Cobb's 2022 affidavit during the past two decades. Cobb's claim that he did not know how to come forward with information regarding Appellant's location during the crime is contradicted by the fact that he submitted an affidavit over twenty years earlier relaying information about Appellant's location during the crime. Moreover, Cobb's 2022 affidavit merely constitutes a new source for previously known "facts" that were conveyed in Perdue's 2001 affidavit. Accordingly, the PCRA court did not abuse its discretion in concluding that this claim fails to meet the timeliness exception to the PCRA's time-bar.[3]

In conclusion, the PCRA court properly dismissed Appellant's petition. Appellant has not pleaded and proved the applicability of the newly discovered fact exception and, therefore, we are without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of relief.

Order affirmed.

---

[3] In his PCRA petition, Appellant also attached affidavits from five additional individuals, but he failed to plead and prove how these affidavits overcome the PCRA's timeliness requirements. Appellant likewise fails to discuss these affidavits in his brief to this Court. We, therefore, decline to address the additional affidavits.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/20/2023</u>